UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

STEVEN P. HALLAM
1449 West 2nd Avenue
Oshkosh, WI 54902

      Plaintiff,

      v.

NEENAH FOUNDRY COMPANY
2121 Brooks Avenue
Neenah, WI 54956

      Defendant

Case No: 21-cv-1190

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, Steven P. Hallam, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Families First Coronavirus Relief Act ("FFCRA"), Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), as amended, and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because Plaintiff resides in this District and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Steven P. Hallam, is an adult resident of the State of Wisconsin residing in Winnebago County with an address of 1449 West 2nd Avenue, Oshkosh, WI 54902.

4. Defendant, Neenah Foundry Company, is a Wisconsin-based corporation with a principal place of business of 2121 Brooks Avenue, Neenah, WI 54956.

5. Defendant is a covered employer for purposes of the FMLA.

6. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

7. Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

8. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

9. During Plaintiff's employment with Defendant, Defendant employed at least fifty (50) employees within seventy-five (75) miles of its Neenah, Wisconsin location.

10. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

11. On or about August 17, 2019, Plaintiff commenced his employment with Defendant in the position of Grinder via a temporary staffing agency.

12. On or about December 16, 2019, Plaintiff became a full-time direct hire of Defendant in the position of Grinder.

13. During Plaintiff's employment with Defendant, Plaintiff reported directly to Alvinn Curieo, Defendant's Second Shift Finishing Supervisor. Also, during Plaintiff's employment with Defendant, Lindsey Turscott was Defendant's Human Resources Generalist.

14. On October 19, 2020, Plaintiff began feeling ill and experienced difficulty breathing while at work. Following his workday, Plaintiff went to the emergency room where he was tested for COVID-19.

15. On October 20, 2020, Plaintiff called Turscott pursuant to Defendant's attendance policy. Plaintiff informed Turscott that he was experiencing COVID-19 symptoms and that he had been tested for COVID-19 on October 19, 2020. Turscott prohibited Plaintiff from returning to work pending Plaintiff's test results.

16. Neither Turscott nor any other employee at Defendant requested medical documentation from Plaintiff regarding his COVID-19 symptoms on October 20, 2020.

17. Neither Turscott nor any other employee at Defendant provided Plaintiff with any FFCRA or FMLA documentation or otherwise advise Plaintiff of his rights under the FFCRA or FMLA with respect to his COVID-19 symptoms on October 20, 2020 or any time thereafter.

18. On October 23, 2020, Plaintiff received a positive COVID-19 diagnosis and was advised by his health care provider to self-quarantine for fourteen (14) days following the onset of Plaintiff's symptoms, *i.e.* November 2, 2020.

19. On October 23, 2020, Plaintiff called Turscott pursuant to her previous directive. Plaintiff advised Turscott that he received a positive diagnosis for COVID-19. Turscott demanded Plaintiff's test result be faxed directly from Plaintiff's physician to Defendant.

20. On or about October 23, 2020, Defendant received Plaintiff's test result directly from Plaintiff's physician.

21. After receiving Plaintiff's test result, Turscott informed Plaintiff that he should "return to work when your quarantine is over" or words to that effect. Turscott did not specify a specific date on which Plaintiff was eligible to return to work.

22. Neither Turscott nor any other employee at Defendant provided Plaintiff with any FFCRA or FMLA documentation or otherwise advise Plaintiff of his rights under the FFCRA or FMLA with respect to his COVID-19 diagnosis on October 23, 2020 or any time thereafter.

23. On Friday, October 30, 2020, Plaintiff's minor child began experiencing COVID-19 related symptoms. Accordingly, Plaintiff's minor child was tested for COVID-19.

24. On Saturday, October 31, 2020, Plaintiff left a voicemail message for Turscott. In the voicemail message, Plaintiff informed Turscott that he was "just coming off quarantine and due back Monday" but that his minor child "had just been tested" or words to that effect. Plaintiff further sought clarification as to whether and when he should return to work.

25. On Monday, November 2, 2020, fourteen (14) days after the onset of Plaintiff's symptoms, Plaintiff returned to work.

26. While at work on November 2, 2020, Plaintiff's supervisor, Alvinn Curieo, instructed Plaintiff to see Defendant's on-sight nurse. Plaintiff left his workstation and reported to the on-site nurse. At that time, the on-site nurse informed Plaintiff that he was still subject to quarantine and was required to leave the premises immediately because he was "going to infect everyone" or words to that effect.

27. Immediately after speaking with the on-site nurse, Plaintiff spoke with Turscott. Plaintiff explained the timeline of events and relayed the conversation he had with Defendant's on-sight nurse. Turscott told Plaintiff that although she understood, Plaintiff "needed to leave" or words to that effect.

28. After speaking with Turscott, Plaintiff returned to his workstation. Curieo saw Plaintiff and said, "you were supposed to leave" and "don't come back to work until further notice" or words to that effect.

29. Neither Turscott nor any other employee at Defendant request any medical documentation from Plaintiff regarding his minor child on November 2, 2020 or any time thereafter.

30. Neither Turscott nor any other employee at Defendant provided Plaintiff with any FFCRA or FMLA documentation or otherwise advise Plaintiff of his rights under the FFCRA or FMLA with respect to his minor child's COVID-19 symptoms on November 2, 2020 or any time thereafter.

31. On or about Wednesday, November 4, 2020, Plaintiff received the test results for his minor child indicating that Plaintiff's minor child was negative for COVID-19.

32. On or about Thursday, November 5, 2020, Plaintiff called Turscott to tell her that his minor child was negative for COVID-19 and that he could return to work. Turscott then informed Plaintiff that Defendant had terminated Plaintiff's employment because of "job abandonment," that is, "three consecutive no call/no shows" or words to that effect.

33. At all times relevant hereto, Plaintiff properly complied with Defendant's notice policies and practices regarding his absences from work at Defendant both because of his own COVID-19 diagnosis and because Plaintiff's minor child experienced COVID-19 symptoms following exposure to COVID-19.

34. Plaintiff's absences both because of his own COVID-19 diagnosis and because Plaintiff's minor child's COVID-19 symptoms following exposure to COVID-19 should have been approved as protected FFCRA and FMLA leave.

## CAUSE OF ACTION – FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE)

35. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

36. Defendant intentionally interfered with Plaintiff's rights including, but not limited to, by failing to notify Plaintiff of his rights under the FFCRA and FMLA, by terminating Plaintiff's employment for using, and/or in order to prevent him from using, protected leave, in violation of the FFCRA and FMLA.

37. As a result of Defendant's intentional violations of the FFCRA and FMLA, Plaintiff suffered damages in the form of lost wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 13th day of October, 2021

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        **s/ *David M. Potteiger***
        James A. Walcheske, State Bar No. 1065635
        Scott S. Luzi, State Bar No. 1067405
        David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com