UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN HALLAM,

    Plaintiff,

v.                                        Case No. 21-C-1190

NEENAH FOUNDRY COMPANY,

    Defendant.

## DECISION AND ORDER GRANTING-IN-PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

On October 13, 2021, Plaintiff Steven Hallam filed this action against Defendant Neenah Foundry Company. After the Court denied Defendant's motion to dismiss the amended complaint and held a scheduling conference, Plaintiff accepted an offer of judgment from Defendant pursuant to Federal Rule of Civil Procedure 68(a). Dkt. No. 27. Judgment was entered in favor of Steven Hallam on July 21, 2022. Dkt. No. 28. On August 1, 2022, Plaintiff filed a motion for attorney fees and costs, seeking $16,470.00 in attorney fees and $455.00 in costs. Dkt. No. 29. That motion is presently before the Court. For the following reasons, Plaintiff's motion will be granted-in-part.

## BACKGROUND

Plaintiff's initial complaint brought a single claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, alleging that Defendant interfered with his rights under the Act by virtue of terminating his employment following his attempt to take FMLA leave. Dkt. No. 1. After Defendant filed a motion to dismiss the complaint, Plaintiff filed an amended

complaint alleging FMLA interference, FMLA retaliation, and promissory estoppel. Dkt. No. 12.[1] Defendant moved to dismiss the amended complaint on February 28, 2022, and the Court denied the motion on May 12, 2022. Dkt. No. 19.

On July 13, 2022, Defendant made an offer of judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 68. Dkt. No. 27-1. The offer stated: "Defendant offers the total sum of Fifteen Thousand dollars ($15,000.00) exclusive of reasonable attorney's fees and costs, which shall be determined by this Court." *Id.* at 1. One week later, on July 20, 2022, Defendant filed a notice of acceptance of offer of judgment with the Court. Dkt. No. 27. The notice indicated that Plaintiff accepted the offer of judgment and that Plaintiff would, within fourteen days after the entry of judgment, apply to the Court for attorneys' fees and costs. *Id.* at 1. Judgment was entered in favor of Plaintiff the next day, and Plaintiff moved the Court for attorneys' fees and costs on August 1, 2022.

**ANALYSIS**

The FMLA provides that, in addition to any judgment awarded to the plaintiff, the Court "shall . . . allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). This is "[u]nlike most other statutory fee-shifting provisions" because § 2617 "*requires* an award of attorneys' fees to the plaintiff when applicable." *Franzen v. Ellis Corp.*, 543 F.3d 420, 430 (7th Cir. 2008) (emphasis in original). In other words, the award "is not left to the discretion of the district court." *Id.*

To determine a reasonable fee, the Court must use the lodestar method, "multiplying the 'number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Pickett*

---

[1] A more detailed recounting of the allegations can be found in the Court's decision and order denying Defendant's motion to dismiss the amended complaint. *See* Dkt. No. 19.

*v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar method "forms the 'centerpiece' of attorneys' fee determinations, and it applies even in cases where the attorney represents the prevailing party pursuant to a contingent fee agreement." *Id.* (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Id.* (internal citations omitted). Nonetheless, once the lodestar amount has been calculated, the Court "may adjust it to account for factors not subsumed by the lodestar calculation." *Id.* at 640.

Here, there is no dispute between the parties as to the lodestar calculation.[2] Defendant does not dispute the amount of time expended by Plaintiff's counsel or the hourly rates charged for performing the work. In total, Plaintiff's counsel spent 36.6 hours litigating this case at a rate of $450.00 per hour. Decl. of Luzi ¶ 17, Dkt. No. 32. The Court finds the time counsel spent litigating this case, as well as the hourly rate charged for the work, reasonable. The lodestar calculation, then, is reached by multiplying 36.6 by 450—a total of $16,470.00. This, however, is only the starting point in the Court's analysis.

Defendant argues that the lodestar should be lowered for several reasons. First, it asserts that Plaintiff cannot recover post-offer fees and costs. Relying on the language of its offer and Federal Rule of Civil Procedure 68, Defendant requests that the Court reduce the fee award by $2,475.00, which represents the five and a half hours Plaintiff's counsel spent working on the case following acceptance of the offer. *See* Dkt. No. 34-2. Plaintiff, on the other hand, asserts that

---

[2] There is also no dispute that Plaintiff is entitled to $455.00 in costs. *See* Dkt. No. 34 at 3 n.1.

post-offer fees and costs should be awarded because Defendant's offer did not contain an express provision limiting an award of attorneys' fees to those incurred prior to the offer.

Federal Rule of Civil Procedure 68(a) provides that, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*." Fed. R. Civ. P. 68(a) (emphasis added). And as noted above, Defendant's offer of judgement stated: "Defendant offers the total sum of Fifteen Thousand dollars ($15,000.00) exclusive of reasonable attorney's fees and costs, which shall be determined by this Court." Dkt. No. 27-1 at 1. In *Grissom v. The Mills Corp.*, the Fourth Circuit encountered a near identical scenario. 549 F.3d 313 (4th Cir. 2008). There, the defendant's offer of judgment stated: "[t]his Offer of Judgment does not cover any attorneys' fees and costs Grissom has incurred. Rather, the issue of attorneys' fees and costs shall be resolved in a separate proceeding through a petition to the Court." *Id.* at 319–20. The Fourth Circuit held that the district court erred in awarding the plaintiff attorneys' fees and costs that accrued after the offer of judgment because Rule 68, by its plain and unambiguous terms, "provides for entry of judgment in favor of the plaintiff on terms specified in an offer of judgment, plus pre-offer costs." *Id.* at 320. It further noted that the language of the offer said "nothing about altering the normal operation of Rule 68 to allow Plaintiff to recover costs beyond" the date of the offer. *Id.*

The same is true in this case. The language of Defendant's offer does nothing to alter the normal operation of Rule 68, which provides that an offer of judgment includes "costs then accrued." Fed. R. Civ. P. 68(a). Instead, as was the case in *Grissom*, the offer of judgment provided that it was exclusive of attorneys' fees and costs, and that this Court would determine those figures. Dkt. No. 27-1 at 1. Nothing in the offer indicates that it was meant to encompass costs accrued following acceptance of the offer. When Defendant's offer is read in conjunction

4

with Rule 68, "as it should be," it is clear that the offer includes only those costs accrued up to the date of the offer. *Grissom*, 549 F.3d at 320. Therefore, the Court will reduce the lodestar by $2,475.00, the amount of costs incurred by Plaintiff's counsel following the offer. *See* Dkt. No. 34-2.

Next, Defendant argues that Plaintiff's counsel should not be compensated for the costs they incurred while pursuing the unsuccessful claim under the Families First Coronavirus Response Act (FFCRA), Pub. L. No. 116-127, 134 Stat. 178 (2020), and the unsuccessful claim for promissory estoppel. According to Defendant, Plaintiff's FFCRA claim was "baseless" and the promissory estoppel claim is ineligible for an award of attorneys' fees, such that a reduction in the lodestar is warranted on each claim. Dkt. No. 34 at 4–6. But the Supreme Court has held that, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435. In addition, litigants may, in good faith, "raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *Id.*

Here, Plaintiff received $15,000.00 to resolve his claims. There is nothing in the record to suggest that this result was only "partial or limited success," such that a further reduction may be warranted. *Id.* at 436. Indeed, as best the Court can discern, this appears to be an "excellent" result for Plaintiff, and as such, his attorneys are entitled to compensation for their work performed in achieving the ultimate result. *Id.* at 435. That the FFCRA and promissory estoppel claims were not addressed does not alter the analysis—as noted above, Plaintiff was entitled to raise alternative

5

legal grounds for his desired outcome, and the fact that neither the Court nor the parties reached these alternative grounds is not a justification for reducing the lodestar. *Id.*

Finally, Defendant requests that the Court reduce the lodestar a further 20% to reflect Plaintiff's "limited success." Dkt. No. 34 at 6–7. But again, there is nothing to suggest that Plaintiff's success was limited in any way. In any event, the Seventh Circuit has rejected the proposition that attorneys' fees must be calculated according to any "disproportionality between the relief requested and that received." *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1048 (7th Cir. 1999). And to the extent Defendant argues that "Plaintiff's request for fees that exceed the amount recovered by Plaintiff is unreasonable," Dkt. No. 34 at 7, the Seventh Circuit has "repeatedly rejected the notion that fees must be calculated proportionally to damages." *Sheehan*, 173 F.3d at 1048. Accordingly, Defendant's contention that the lodestar should be reduced by 20% to account for Plaintiff's purported lack of success is without merit.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney fees and costs (Dkt. No. 29) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff is awarded a total of $14,450.00 in attorney fees and costs.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of September, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge